UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RIVKA YATZIV,<br>　　　　Plaintiff,<br>　　v.<br>J.C. PENNEY CORPORATION, INC.,<br>　　　　Defendant. | Case No.17-cv-05021-VKD<br><br>**ORDER RE DISMISSAL**<br>Re: Dkt. No. 24 |

Before the Court is Plaintiff Rivka Yatziv's voluntary motion for dismissal. Dkt. No. 24. The Court **GRANTS** the motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Rivka Yatziv filed suit in California state court against defendant J.C. Penney Corporation, Inc. ("J.C. Penney"), alleging that she suffered injuries from tripping and falling over a clothing rack in J.C. Penney's store in San Jose, California. Dkt. No. 11 at 1. J.C. Penney filed an answer and removed the case to federal court. Dkt. No. 1. Both parties consented to magistrate jurisdiction. Dkt. Nos. 4, 5.

On April 13, 2018, Yatziv filed a Notice informing the Court that the parties had reached a settlement and stating that she would file a request for dismissal once the agreement had been finalized. Dkt. No. 18. On April 16, 2018, the Court issued an order to show cause directing the parties to file a stipulated dismissal pursuant to Fed. R. Civ. P. 41(a) by May 31, 2018, or to appear before the Court on June 12, 2018 if no dismissal was filed by May 31. Dkt. No. 19. The parties did not file a stipulated dismissal. Instead, on June 5, 2018, Yatziv filed a Response to the Court's Order to Show Cause, indicating logistical problems had delayed finalizing the settlement

1    and requesting that the case not be dismissed. Dkt. No. 21. The following day, on June 6, 2018, Yatziv filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a). Dkt. No. 23. However, because J.C. Penney has answered the complaint, Yatziv cannot voluntarily dismiss the case without a stipulation also signed by J.C. Penney or without court approval. Fed. R. Civ. P. 41(a)(1)-(2).

The Court issued an Order re Request for Dismissal, construing Yatziv's Notice of Voluntary Dismissal as a request for dismissal under Fed R. Civ. P. 41(a)(2) and indicating its intent to grant Yatziv's request to dismiss unless J.C. Penney filed an objection to dismissal or the parties filed a stipulated dismissal pursuant to Fed. R. Civ. P. 41(a)(1) by June 14, 2018. No objection or stipulated dismissal has been filed.

## II.     DISCUSSION

The decision whether to allow a plaintiff to dismiss is left to the sound discretion of the court, but a court should grant dismissal pursuant to Fed. R. Civ. P. 41(a)(2) so long as granting the motion would not cause defendant to suffer some "plain legal prejudice." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *see also Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993). Legal prejudice means "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). In resolving a motion under Rule 41(a)(2), the Court must make three determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Cnty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

The Court first considers whether dismissal of the action would cause legal prejudice to J.C. Penney. As J.C. Penney has not objected to dismissal after an opportunity to do so, the Court concludes that J.C. Penney will not suffer any legal prejudice as a result of the Court's granting of this motion. *See Lenches*, 263 F.3d at 975; *Williams*, 227 F.R.D. at 539 (granting dismissal where defendant did not assert prejudice if case were to be dismissed). From the filings by Yatziv described above, the Court infers that the parties are satisfied that the logistical issues outlined in Yatziv's Response to Order to Show Cause have now been resolved. The Court therefore finds

2

dismissal appropriate under these circumstances.

Yatziv's motion does not indicate whether she seeks dismissal with or without prejudice, and neither party has disclosed whether their settlement agreement addresses the nature of the dismissal. If a plaintiff fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. *See Hargis v. Foster,* 282 F.3d 1154 (9th Cir. 2002), *amended by* 312 F.3d 404, 406 (9th Cir. 2002). Three factors inform the exercise of this discretion: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal. *Senne v. Kansas City Baseball Corp.*, No. 14-cv-3289-JCS, 2016 WL 3648547, at *2 (N.D. Cal. July 6, 2016) (internal quotations and citations omitted). The Court lacks information regarding the first two factors. With respect to the third factor, based on Yatziv's representations and the absence of objection from J.C. Penney, the Court is satisfied that the parties have settled and that dismissal is warranted. In the absence of a contrary request, and lacking information that would support a different result, the Court dismisses the case without prejudice.

"Additionally, 'the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" *Burnette*, 828 F. Supp. at 1444 (quoting *McCants v. Ford Motor Co.*, 781 F. 3d 855, 857 (11th Cir. 1986)). Since the parties requested no special conditions on dismissal—indeed, Yatziv's Notice to the Court stated that the parties had "reached an unconditional settlement" (Dkt. No. 18 at 1)—the Court finds it appropriate that they should bear their own fees and costs.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Yatziv's motion and **DISMISSES** this case without prejudice. The Clerk of the Court is directed to close the file in this case.

///

///

///

**IT IS SO ORDERED.**

Dated: June 15, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge